Steven H. Winterbauer, WSBA #16468
Nate Bailey, WSBA #40756
Winterbauer & Diamond PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
(206) 676-8440
mail@winterbauerdiamond.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WAYNE R. BLACK,

                   Plaintiff,

    v.

GRANT COUNTY PUBLIC
UTILITY DISTRICT; CHRIS
HEIMBIGNER,

                Defendants.

No. 2:17-cv-00365-RMP

**DEFENDANTS' ANSWER TO COMPLAINT**

## I.    ANSWER

In Answer to the Complaint ("Complaint") filed by Plaintiff Wayne R. Black ("Plaintiff"), Defendants Public Utility District No. 2 of Grant County (d/b/a Grant County Public Utility District) (the "District") and Chris Heimbigner (collectively, "Defendants") answer as follows:

1.    Admit that Plaintiff is a 59-year-old citizen of the State of Washington and a resident of Grant County Washington, and are without sufficient information to admit or deny the remaining allegations in paragraph 1 and, therefore, deny them.

ANSWER TO COMPLAINT - 1

2.    Admit that Defendant Heimbigner is employed by the District as the Line Superintendent and is a citizen of the State of Washington, and deny the remaining allegations in paragraph 2.

3.    Admit that the District is a municipal corporation that is subject to regulation by the State of Washington and headquartered at 30 C St SW, Ephrata, WA 98823, and deny the remaining allegations in paragraph 3.

4.    Admit the allegations in paragraph 4.

5.    Admit the allegations in paragraph 5.

6.    Admit and deny the allegations re-alleged in paragraph 6 as set forth above.

7.    Admit that the District received a notice-of-claim letter from Plaintiff's attorney on or about April 4, 2017; deny the District did nothing other than sign for the letter; and are without sufficient information to admit or deny the remaining allegations in paragraph 7 and, therefore, deny them.

8.    Admit that the District received a copy of a Right to Sue letter from the EEOC dated July 31, 2017 and addressed to Plaintiff; and are without sufficient information to admit or deny the remaining allegations in paragraph 8 and, therefore, deny them.

9.    Admit the allegations in paragraph 9.

ANSWER TO COMPLAINT - 2

10.    Are without sufficient information to admit or deny the allegations in paragraph 10 and, therefore, deny them.

11.    Admit that Plaintiff periodically received Employee Recognition awards from the District; affirmatively state that Plaintiff's personnel file speaks for itself; and are without sufficient information to admit or deny the remaining allegations in paragraph 11 and, therefore, deny them.

12.    Admit that Plaintiff placed first in the District's 2017 Pole Top Rescue competition, competed in the 2017 state competition, earned the privilege of attending and participating in the 2017 Kansas City International Lineman Rodeo as a judge, and earned the privilege of participating in the Kansas City International Lineman Rodeo on two other occasions; and are without sufficient information to admit or deny the remaining allegations in paragraph 12 and, therefore, deny them.

13.    Admit that Plaintiff was awarded the bid for the Anticipated Temporary Line Crew Foreman effective March 12, 2012, and was awarded the bid for Line Crew Foreman effective July 5, 2013, and deny the remaining allegations in paragraph 13.

14.    Admit the allegations in paragraph 14.

ANSWER TO COMPLAINT - 3

15.    Admit that the District utilizes a bid process in relation to certain positions, that certain positions require specific qualifications, and that the District generally has the discretion to make selections among candidates, and deny the remaining allegations in paragraph 15.

16.    Admit that the District has a Discipline & Corrective Action Policy, which document speaks for itself; and deny the remaining allegations in paragraph 16.

17.    Admit that in September 2016, Plaintiff bid for a Supervising Foreman position that became open upon the former Supervising Foreman's retirement; that the Collective Bargaining Agreement ("CBA") governs the bidding process for the Supervising Foreman position, and speaks for itself; that the District received bids for the Supervising Foreman position from two candidates with at least three years of experience as a foreman, both of whom were over 40 years of age and one of whom was Plaintiff; are without sufficient information to admit or deny that both candidates with more than three years of experience as foremen were members of the Church of Jesus Christ of Latter-Day Saints and, therefore, deny it; and deny the remaining allegations in paragraph 17.

18.    Admit that Plaintiff was demoted effective October 7, 2016, and deny the remaining allegations in paragraph 18.

19.     Admit that the District selected a candidate for the Supervising Foreman position who was under 40 years of age and did not have three years of experience as a foreman; are without sufficient information to admit or deny that the successful candidate was not a member of the Church of Jesus Christ of Latter-Day Saints and, therefore, deny it; and deny the remaining allegations in paragraph 19.

20.     Admit that the selected Supervising Foreman candidate currently participates as commissioner of a fantasy football league during his personal, non-work time, and deny the remaining allegations in paragraph 20.

21.     Admit that Plaintiff was disciplined for his failure to follow instructions related to hanging clearance tags and for selling District property, and deny the remaining allegations in paragraph 21.

22.     Admit that Plaintiff bid for a Dispatch Trainee position, which is subject to the District's right of selection; he was the most senior bidder; and he was not selected for an interview; and deny the remaining allegations in paragraph 22.

23.     Admit that one of the individuals selected for the Dispatch Trainee position was a qualified lineman under 40 years of age and that the

other individual selected was a former HVAC employee; and deny the remaining allegations in paragraph 23.

24.    Deny that Defendants have been malicious with intent to harm, discriminate against, or target Plaintiff based on any protected characteristic, and are without sufficient information to admit or deny the remaining allegations in paragraph 24 and, therefore, deny them.

## II.    CAUSES OF ACTION

24.    [sic]  Admit and deny the allegations re-alleged in the second paragraph 24 as set forth above.

25.    Admit the allegations in paragraph 25.

26.    Admit that Defendant Heimbigner is an employee of the District and holds the position of Line Superintendent, and are without sufficient information to admit or deny the remaining allegations in paragraph 26 and, therefore, deny them.

27.    Admit the allegations in paragraph 27.

28.    Admit, on information and belief, that Plaintiff was the oldest bidder for the Dispatch Trainee position for which he applied, and deny the remaining allegations in paragraph 28.

29.    Admit that Plaintiff was not selected for the Supervising Foreman position referenced above, and deny the remaining allegations in paragraph 29.

30.    Deny the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31.

32.    Deny the allegations in paragraph 32.

33.    Deny the allegations in paragraph 33.

34.    Deny the allegations in paragraph 34.

35.    Admit that age is not a bona fide occupational qualification of the lineman position, and deny the remaining allegations in paragraph 35.

36.    Deny the allegations in paragraph 36.

37.    Deny the allegations in paragraph 37.

38.    Admit and deny the allegations re-alleged in paragraph 38 as set forth above.

39.    Admit the allegations in paragraph 39.

40.    Admit that Defendant Heimbigner is an employee of the District and holds the position of Line Superintendent, and are without sufficient information to admit or deny the remaining allegations in paragraph 40 and, therefore, deny them.

41.    Are without sufficient information to admit or deny the allegations in paragraph 41 and, therefore, deny them.

42.    Deny the allegations in paragraph 42.

43.    Admit that Plaintiff was not selected for the Supervising Foreman position referenced above, and deny the remaining allegations in paragraph 43.

44.    Deny the allegations in paragraph 44.

45.    Deny the allegations in paragraph 45.

46.    Deny the allegations in paragraph 46.

47.    Deny the allegations in paragraph 47.

48.    Deny the allegations in paragraph 48.

49.    Admit that religious beliefs, affiliation, and practice are not bona fide occupational qualifications of any position at the District, and are without sufficient information to admit or deny the allegation regarding Plaintiff's status as a member of the Church of Jesus Christ of Latter-Day Saints and, therefore, deny it, and deny the remaining allegations in paragraph 49.

50.    Deny the allegations in paragraph 50.

51.    Deny the allegations in paragraph 51.

### III.    PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief, specifically including without limitation the allegations in paragraphs 1 through 5.

### IV.    DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, Defendants state the following defenses and affirmative defenses:

1.    **Failure to state a claim**.  The Complaint fails to state a claim upon which relief may be granted.

2.    **Legitimate    non-discriminatory    reasons**.    Defendants undertook all actions challenged by Plaintiff for legitimate, non-discriminatory reasons.

3.    **Failure to Exhaust**.  Plaintiff's employment is governed by a CBA, which includes mechanisms for reporting and grieving allegations of conduct violating the CBA, and Plaintiff failed to fully exhaust the grievance procedure under the CBA.

4.    **Claims Exceed Scope of EEOC Charge**.  To the extent that the Complaint purports to assert any claim or allegation under Title VII or the ADEA which was not the subject or within the scope of the individual

charge filed by Plaintiff with the EEOC, such claim is barred, in whole or in part, for failure to fulfill the prerequisites to suit under those statutes.

5.    **Good Faith.**  The District may not be held liable for punitive, exemplary and/or liquidated damage as it has undertaken a good faith effort to comply with all applicable federal statutes and has not acted with reckless indifference to Plaintiff's federally protected rights.

6.    **Immunity.**  Defendant Heimbigner is immune from civil liability under RCW 54.12.110 as all actions were in the good faith performance of acts within the scope of his official duties involving the exercise of judgment and discretion which related solely to his responsibilities for electrical utilities.

7.    **Reservation.**  The District reserves the right to assert additional defenses and affirmative defenses to conform with the proof as discovery progresses

## V.    DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants' respectfully request that:

1.    The Complaint be dismissed with prejudice;

2.    Defendants be awarded the costs, disbursements and attorneys' fees they incur herein;

ANSWER TO COMPLAINT - 10

1    3.    Defendants be granted permission to amend the Answer to

2 conform with the proof; and

3    4.    Defendants be granted such other relief as this Court deems just

4 and equitable.

5    DATED this 18th day of December, 2017.

6    WINTERBAUER & DIAMOND PLLC

7    s/ Nate Bailey
    Steven H. Winterbauer, WSBA #16468
8    Nate Bailey, WSBA #40756
    Attorney for Defendants
9    Public Utility District No. 2 of Grant County
    and Chris Heimbigner

10

11

12

13

14

15

16

17

18

19

20

21

ANSWER TO COMPLAINT - 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

I hereby certify that on December 18, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

> Ryan T. Earl
> Earl Law Group PLLC
> 1334 S Pioneer Way
> Moses Lake, WA 98837
> Email: ryantearlattorneyatlaw@yahoo.com

s/ Adam Love_____
Adam Love
Legal Assistant
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
Phone:  206-676-8440
Fax:  206-676-8441
mail@winterbauerdiamond.com

ANSWER TO COMPLAINT - 12