FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAYNE R. BLACK,<br><br>        Plaintiff,<br><br>  v.<br><br>GRANT COUNTY PUBLIC UTILITY DISTRICT, a statutory nonprofit corporation; and CHRIS HEIMBIGNER, as a superintendent of Grant County Public Utility District,<br><br>        Defendants. | NO: 2:17-CV-365-RMP<br><br>ORDER RESOLVING PENDING MOTIONS |

BEFORE THE COURT are three motions: (1) a motion by Grant County Public Utility District ("Grant County PUD") and Chris Heimbigner (collectively, "Grant County Defendants") for a protective order regarding Plaintiff's Fed. R. Civ. P. 30(b)(6) notice of deposition, ECF No. 19; (2) a motion by Plaintiff Wayne Black for leave to amend his complaint, ECF No. 18; and (3) a motion by the Grant County Defendants to continue the trial date and modify the case schedule, ECF No. 33.

ORDER RESOLVING PENDING MOTIONS ~ 1

The Court has reviewed the parties' submissions regarding all three motions and is fully informed. In addition, the Court held a telephonic status conference with the parties on October 26, 2018, at which the parties and the Court primarily discussed Defendants' motion for a protective order. Following that discussion, the Court allowed Plaintiff to file a second amended Rule 30(b)(6) notice by October 29, 2018, ECF No. 43, which the Court has reviewed. The Court also reviewed the Grant County Defendants' objections to Plaintiff's second amended notice, ECF No. 44, and accompanying declaration, ECF No. 45, filed on October 30, 2018.

## BACKGROUND

Plaintiff filed this matter one year ago, alleging that the Grant County Defendants violated Title VII of the Civil Rights Act of 1967 and the Age Discrimination in Employment Act ("ADEA") when they did not promote Plaintiff, did not hire him for a lateral position, and disciplined him. ECF No. 1. On February 9, 2018, following a telephonic scheduling conference with the parties, the Court issued a Jury Trial Scheduling Order that set a deadline for a motion to amend pleadings of March 23, 2018,[1] and a discovery cut-off of November 26, 2018. ECF No. 16 at 4.

/ / /

/ / /

---

[1] A party also may amend a pleading or add a named party by satisfying the standard set by Fed. R. Civ. P. 16(b)(4). ECF No. 16 at 3.

ORDER RESOLVING PENDING MOTIONS ~ 2

## DISCUSSION

**<u>Motion for Protective Order</u>**

Federal Rule of Civil Procedure 30(b)(6) provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

A Rule 30(b)(6) designee testifies not based on his or her personal knowledge, but based on "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "In short, corporate or other organizational parties have an obligation, which can sometimes be quite burdensome, to present witnesses who are capable of providing testimony on the noticed topics, regardless of whether the information was in the specific witness's personal knowledge, provided that the information is reasonably available to the corporation or organization." *Updike v. Clackamas Cnty.*, 2016 U.S. Dist. LEXIS 2783, *6, 2016 WL 111424 (D. Or. Jan. 11, 2016). "'Once notified as to the reasonably particularized areas of inquiry, the corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Id.* at *7 (quoting *Spring Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D.

Kan. 2006)). "Thus, for Rule 30(b)(6) to achieve its objectives, both the party requesting discovery and the party providing discovery must conscientiously and fairly comply with the demands of that rule." *Id.*

The Grant County Defendants moved on September 28, 2018, for a protective order limiting the topics of Plaintiff's Rule 30(b)(6) deposition of Grant County PUD. ECF No. 19. At the parties' request on October 26, 2018, the Court immediately held a telephonic status conference. *See* ECF No. 42. During the status conference, the parties agreed to a revision of subsection 1 of the amended notice, and the Court allowed Plaintiff until Monday afternoon, October 29, 2018, to file a second amended notice proposing "more specific language" for the remaining portions of the Rule 30(b)(6) notice to which Defendants objected.

Defendants objected to the second amended notice that Plaintiff filed, primarily contending that Plaintiff had not added the necessary specificity to subsection 4, and also pointing out that Plaintiff's notice still described the date of the Rule 30(b)(6) deposition as October 30, 2018, when the parties agreed during the telephonic hearing on October 26, 2018, to reschedule the deposition for November 14-15, 2018. ECF No. 44.

Following agreement among the parties and the Court on October 26 as to how to narrow subsection 1 of Plaintiff's Rule 30(b)(6) notice to Defendant Grant County PUD, subsection 4 remained as the only topic in dispute. Subsection 4 seeks deposition testimony about the organization's "customs, practices, policies, and

ORDER RESOLVING PENDING MOTIONS ~ 4

procedures from January 1, 2013 [sic] to July 1, 2018 [sic]" regarding the existence and creation of documents. ECF No. 43 at 3–4. Plaintiff refers to Fed. R. Civ. P. Rule 34 and a Schedule of Documents laid out later in Plaintiff's second amended notice. *Id.*

The Court still finds Plaintiff's present language overbroad and, thus, overly burdensome. Therefore, the Court grants in part Defendants' motion for a protective order. The Court strikes the overbroad or vague portions of subsection 4 of Plaintiff's notice and limits the topics only to policies.

The Court edits subsection 4 as follows:

> Pursuant to Plaintiff's Rule 34 request below, Defendant Grant County PUD's policies from January 1, 2013, to July 1, 2018, regarding the creation, existence, duplication, dissemination, retention, and storage of the documents being produced pursuant to this Rule 30(b)(6) Notice.

*See* Appendix A to this Order (Court's Amended Notice).

The Court denies in remaining part, as moot, Defendants' motion for a protective order, in light of Plaintiff's second amended notice and Defendants' clarification of their remaining objections. ECF Nos. 43 and 44.

**Motions to Amend Complaint and Continue Case Schedule**

Plaintiff relies on an incorrect standard in seeking leave to amend his complaint. Nevertheless, applying the correct standard, the Court finds that Plaintiff shall be allowed to amend his complaint, while also extending the entire remaining schedule in this matter, as Defendants request.

ORDER RESOLVING PENDING MOTIONS ~ 5

Plaintiff relies on Fed. R. Civ. P. 15(a)(2) and case law supporting "a strong policy permitting amendment." *See* ECF No. 32 at 2–3 (citing *Fuller v. Vines*, 36 F.3d 65, 67 (9th Cir. 1994) (overruled on other grounds)). However, Fed. R. Civ. P. Rule 16(b), not Rule 15(a), controls in these circumstances because the February 9, 2018 Scheduling Order, ECF No. 16, provided that "[a]ny motion to amend pleadings or add named parties shall be filed and served on or before March 23, 2018, or meet the standard of Fed. R. Civ. P. 16(b)(4)." ECF No. 16 at 3.

To amend a complaint after a deadline in a scheduling order has passed, the party must show "good cause" for the amendment, and obtain the judge's consent. Fed. R. Civ. P. 16(b)(4). Therefore, once a scheduling order is filed, a party must meet the good cause standard of Rule 16 rather than the liberal pleading standard of Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. Moreover, granting leave to amend after the expiration of the deadline in the scheduling order goes hand in hand with finding that there is good cause to modify the pretrial scheduling order. *Id.*

Plaintiff moved on September 24, 2018, to amend his complaint to add claims related to his discharge from employment by the Grant County Defendants on June 20, 2018. ECF No. 18. Plaintiff sought to add claims for: breach of contract; breach

ORDER RESOLVING PENDING MOTIONS ~ 6

of the collective bargaining agreement; breach of the covenant of good faith and fair dealing; defamation and false light; retaliation under Title VII and the ADEA; and hostile work environment.

Defendants do not oppose allowing Plaintiff to add claims for retaliation under Title VII and the ADEA, and for a hostile work environment. ECF No. 24 at 6. In addition, Plaintiff subsequently withdrew his request for leave to add claims for breach of contract, breach of the collective bargaining agreement, and breach of good faith and fair dealing. *See* ECF No. 32 at 1–2. Therefore, the only dispute between the parties regarding amendment of Plaintiff's complaint concerns Plaintiff's defamation and false light claim. Defendants argue amendment to include defamation and false light is futile because such claims would be disposed of under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The Court finds that the developments surrounding and including Plaintiff's discharge from the Grant County PUD in June 2018 qualify as good cause to support allowing Plaintiff to amend his complaint. Plaintiff shall be allowed to amend his complaint to state claims for retaliation under Title VII and the ADEA, for a hostile work environment, and for defamation and false light, as Defendants have not yet persuaded the Court that Plaintiff's defamation and false light claim is futile solely based on Plaintiff's deposition testimony. Defendants, likewise, have presented good cause for extension of the remaining schedule in this matter in the form of the

need for additional discovery on the new theories, claims, and facts raised by Plaintiff's amended complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Amend Complaint, **ECF No. 18**, is **GRANTED**. Plaintiff shall file his Amended Complaint **no later than Monday, November 5, 2018**.

2. Defendants' Motion for Protective Order, **ECF No. 19**, is **GRANTED IN PART** and **DENIED AS MOOT IN REMAINING PART**. The Court's Amended Notice, which shall apply to Plaintiff's Rule 30(b)(6), Fed. R. Civ. P., deposition of Defendant Grant County PUD, is provided in Appendix A to this Order.

3. Defendants' Motion to Continue Trial and Accompanying Case Schedule, **ECF No. 33**, is **GRANTED**.

4. The parties shall contact the Courtroom Deputy by telephone or email **no later than November 5, 2018,** to indicate their availability for trial in July 2019, and the Court thereafter will issue an Amended Jury Trial Scheduling Order resetting the trial and accompanying deadlines.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 1, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER RESOLVING PENDING MOTIONS ~ 8